[S. F. No. 3532. In Bank.—October 1, 1903.]

PETER PAUL HARTMANN, Petitioner, v. LUCAS F. SMITH, Judge of Superior Court of Santa Cruz County, Respondent.

ESTATES OF DECEASED PERSONS—CONTEST OF WILL—PETITION TO REVOKE PROBATE—ORDER DENYING NEW TRIAL—APPEAL.—Under section 963 of the Code of Civil Procedure, as amended in 1901, an order refusing to revoke the probate of the will of a deceased person is appealable to this court; and where there is an appeal from a

---

[1] 82 Am. St. Rep. 647.

judgment or order in a contest over the probate of a will, an appeal lies from an order denying a motion for a new trial therein.

ID.—REFUSAL TO SETTLE STATEMENT—MANDAMUS.—Where the judge refused to settle the statement on motion for a new trial, after a decision against the petition to revoke the probate of a will, on the ground that a new trial thereof could not be granted for want of jurisdiction to grant it, the proper remedy is by *mandamus* to compel the settlement of the statement.

MANDAMUS from the Supreme Court to the Judge of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

George P. Burke, for Petitioner.

Charles B. Younger, for Respondent.

VAN DYKE, J.—*Mandamus.* In the petition for the writ it is stated that in the estate of George Kohl, deceased, pending in the superior court of the county of Santa Cruz, of which the respondent, Lucas F. Smith, is the judge presiding, the petitioner on August 25, 1902, presented a verified petition praying for the revocation of the probate of the will of said George Kohl, deceased, on the ground that at the time of making and executing said will the testator was not of sound and disposing mind, and that the said will was obtained by and through the undue influence of F. A. Hihn, the sole executor and beneficiary named in said will, and to whom letters testamentary have been issued; that in pursuance of said petition a citation was issued in the proper form to the said F. A. Hihn to show cause before said court at the time therein specified why the prayer of said petitioner should not be granted; that said Hihn thereafter appeared and filed his answer, in writing, denying and putting in issue all the allegations of said petition; that thereupon such proceedings were had that said cause and contest and the issues raised by said petition and answer were tried before said defendant and respondent, Lucas F. Smith, judge of said superior court, sitting without a jury, a jury having been waived by the parties to the said contest, and upon the conclusion of the

said trial on the twenty-fourth day of October, 1902, the said matter and contest were taken under advisement by said court, and thereafter upon December 23, 1902, the said Lucas F. Smith, as the judge of said court, duly rendered and filed his decision in writing in favor of said Hihn, and against the petitioner herein, and judgment was upon said last-named day duly made and entered in accordance with said decision and findings; that this petitioner is the only living next of kin and heir of said George Kohl, deceased; that on the thirtieth day of December, 1902, the said Hihn caused to be served upon the attorney of record of this petitioner a notice in writing of said decision, and that on the fifth day of January, 1903, this petitioner served and filed his notice of intention to move for a new trial in said cause, fully specifying in said notice the grounds upon which the said motion would be made; that on the twelfth day of January, 1903, Charles B. Younger, attorney of record of said F. A. Hihn in said cause, in said superior court, stipulated in writing that the petitioner might have until the fourth day of February in which to prepare and serve his proposed statement on motion for new trial, and serve and file affidavits on said motion, and on the second day of February, 1903, petitioner herein, through and by his attorney in said cause, prepared a full, true, and complete statement and transcript in writing on motion for a new trial, and caused the same to be served on the said Charles B. Younger personally, and at the same time and date served and filed affidavits of this petitioner to be relied upon on motion for new trial in said matter and cause; that on the second day of February, 1903, the said F. A. Hihn caused to be served upon the attorney of petitioner, George P. Burke, a notice that he would apply to said superior court for an order striking out from the files of said court in said cause the notice of intention of said contestant to move for a new trial herein, filed in this court January 5, 1903, and also the affidavit of said contestant filed in this court February 2, 1903, and also the draft of proposed statement on motion for a new trial in said contest, upon all and singular the following grounds,—to wit, (1) That a new trial cannot be granted herein; (2) that said court has not jurisdiction to grant a new trial herein; that the said motion came on regularly to be heard before the said superior court on the sixteenth day

of February, 1903, said respondent, Lucas F. Smith, presiding, said Charles B. Younger appearing for and on behalf of said F. A. Hihn, and presenting said motion. That said judge, respondent herein, refused and declined to hear or listen to the argument of petitioner's attorney, said George P. Burke, and immediately and peremptorily granted said motion, and made and entered in the minutes of said court an order striking from the files the said papers and records mentioned in said notice of motion, and had thus deprived the petitioner of his right to a new trial in said cause, or to review the proceedings of the court therein; that the petitioner has demanded of the said Lucas F. Smith, judge of said court, to settle said proposed statement; that he has refused, and still refuses so to do, on the sole ground that plaintiff is not entitled to a new trial in the case of a contest of a will.

Upon this petition an alternative writ of mandate was issued out of this court, directed to and served upon said respondent, Lucas F. Smith, judge of the superior court of the county of Santa Cruz, commanding him to forthwith restore to the files of the said superior court in and for the said county, in the matter of the estate of George Kohl, deceased, Peter Paul Hartmann, contestant, Frederick A. Hihn, respondent, the said contestant's notice of intention to move for a new trial therein, filed in said court, contestant's affidavit on motion for a new trial, filed in said court, and the said contestant's proposed statement on motion for a new trial, served and filed therein, and to forthwith proceed to settle said proposed statement in the manner required by law, or show cause before this court on the twentieth day of April, 1903, why he should not do so.

The matter coming on for hearing on the day set,—to wit, April 20, 1903,—respondent filed in the court his answer to the petition herein, in which most of the allegations are denied, on the ground, as respondent states, that he has no information or belief upon the subjects therein stated. The respondent does deny that the order was made by the superior court, or the judge thereof, extending the time for preparing and serving statement on motion for a new trial in said cause. But it will be observed that in the petition it is stated that the time was extended by stipulation, which is not denied, but only that no stipulation was filed according to the rules of the

court. Respondent denies that on the 16th of February, 1903, or at any other time, Charles B. Younger moved and urged the said superior court to strike from the files of said court in said cause the draft of the proposed statement on motion for a new trial of contestant, or urged that said court had no power or jurisdiction to hear or grant a motion for a new trial in the case of a will contest, or that said respondent refused or declined to hear or listen to a citation of authorities or argument on the part of the petitioner's counsel, in opposition to said motion to strike from the files; or that without reflection, or peremptorily, or otherwise than fairly and properly, ruled on said motion, but admits the granting of an order upon motion of Charles B. Younger, attorney f.r the executor, striking out petitioner's affidavit and statement on motion for a new trial, and his notice of motion for a new trial, but denies that he deprived the plaintiff of his right to a new trial, or to a review of proceedings had in the trial of said matter and cause, or any other right. He denies that plaintiff had demanded of him, the respondent, to settle said or any proposed statement on motion for a new trial, or any other statement, or that said respondent has refused, or refuses to do so, and denies that said George P. Burke, or any other person, delivered said or any proposed statement, or draft of a statement, to the clerk of the said superior court for defendant and respondent, or presented or submitted, or left with defendant and respondent said proposed statement, or any draft of a statement, or any paper or document purporting to be a statement, on motion for a new trial.

After oral argument upon the return day, the counsel on the respective sides were permitted to file briefs, and thereafter the cause to stand submitted. With the brief filed on the part of the petitioner, his attorney submits certified copies of various orders made and entered in the matter of the estate of George Kohl, deceased, and notices of papers filed therein. Among these appears the following (after title of the cause) :—

"Come now the above contestant in the matter and cause above entitled, and regarding and submitting that the order heretofore made by this court on the sixteenth day of February, 1903, striking from the files said contestant's proposed

statement on motion for a new trial, the notice of intention to move for a new trial, and contestant's affidavit on motion for new trial, is absolutely void and of no effect, and no amendments having been made or proposed by said respondent to said proposed statement within the time allowed by law, or at all, hereby demands that the court forthwith proceed with the settlement of said proposed statement upon motion for a new trial.

"Dated this March 13, 1903.

"George P. Burke, Attorney for Contestant.

"Endorsed: Filed Mar. 13, 1903, H. H. Miller, Clerk."

Another minute order, under date of March 27, 1903, is as follows:—

"In the matter of the estate of George Kohl, deceased, Charles B. Younger, Esq., being present in court, and appearing for the executor herein, George P. Burke, Esq., appearing for contestant herein, Peter Paul Hartmann, said George P. Burke, Esq., now requests that the court proceed with the settlement of statement on motion for a new trial herein, said request is now submitted to the court and is by the court taken under advisement."

These minute orders may not be considered as evidence, not having been submitted as such at the hearing, nor is it necessary such evidence should be furnished. When the respondent sustained the motion to strike out the notice of intention to move for a new trial, a presentation of the statement and demand for its settlement would have been entirely useless. Such order of the court was notice in advance that the settlement of the statement would be refused.

Further, after the briefs herein had been filed and the cause submitted, Charles B. Younger, as attorney for defendant and respondent herein, served and filed a notice containing the following minute order of said superior court:—

"In the matter of the estate of George Kohl, deceased. Peter Paul Hartmann, contestant; Frederick Hihn, proponent. Order vacating and setting aside certain orders heretofore made. It appearing to the court that the order entered herein on February 16, 1903, striking out the notice of intention of contestant to move for a new trial, and contestant's affidavit filed herein on motion for a new trial, and contestant's proposed statement on motion for a new trial

herein, was inadvertently made, it is now ordered by the court that the said order heretofore made be and the same is hereby vacated and set aside, and said papers are hereby restored to their original condition prior to said order striking them out. . . .

. "Done in open court this 27th day of April, A. D. 1903.

"LUCAS F. SMITH, Judge of said Court."

The entry of this last order on the part of respondent is in part a compliance with the alternative writ of mandate herein, the only remaining thing to be done to constitute a full compliance being the settlement of the statement on the motion for a new trial, already referred to, and this the petitioner is entitled to have done.

By an amendment of section 963 of the Code of Civil Procedure, passed in 1901, the right to appeal in probate matters, as prescribed in the third subdivision of that section, has been enlarged so as to include, "or refusing to revoke" probate of a will. (Stats. 1901, p. 85.) This removes any question as to the right of appeal from the judgment or order refusing to revoke the probate of a will, and the authorities cited by respondent anterior to that amendment have no bearing. Where there is an appeal from the judgment or order in a contest over a probate of a will, an appeal lies from an order denying the motion for a new trial therein. (*In re Spencer,* 96 Cal. 448.)

The refusal of the court to settle the statement on motion for a new trial cannot be reviewed on appeal from the judgment or order denying a new trial. The remedy in such cases is *mandamus.* (*Machado* v. *Kinney,* 135 Cal. 354.) In the late case of *Murphy* v. *Stelling,* 138 Cal. 641, decided in Bank March 17, 1903, it is also said that *mandamus* "is the proper and exclusive remedy when a trial judge refuses to settle a statement which it is his duty to settle."

Let a peremptory writ of mandate therefore issue requiring the respondent, as judge of the superior court of the county of Santa Cruz, to proceed to settle the statement on motion for a new trial in the estate of George Kohl, deceased, pending in said court.

Beatty, C. J., Angellotti, J., McFarland, J., and Lorigan, J., concurred.