[Civ. No. 23096. Second Dist., Div. One. Aug. 18, 1958.]

Estate of THOMAS W. WARNER, JR., Deceased. ANITA LIPTON WARNER, Appellant, v. MANUEL RUIZ, JR., et al., Respondents.

*Assigned by Chairman of Judicial Council.

Ralph Marks and Gunther H. Schiff for Appellant.

Max Z. Wisot and Harry Albert for Respondents.

WHITE, P. J.—Respondent, Mrs. Marietta Mordue, moves to dismiss the appeal herein upon the ground that the judgment and/or order from which the appeal was taken is not a final judgment or order within the meaning of Probate Code, section 1240.

This proceeding presents a contest of will after admission to probate. It involves a will dated July 2, 1953, and codicil dated January 27, 1955. The contest was tried before a jury. When the taking of evidence before the jury was concluded each of the appearing proponents of the testamentary documents made motions for a directed verdict which motions were denied. Sixteen written interrogatories, or special verdicts (eight with an equal number of alternate forms) were submitted to the jury. After more than three days deliberation the jury reported it was able to agree upon only three special verdicts, and was hopelessly deadlocked as to the remainder. These verdicts were received and filed and the jury thereupon discharged. Two of the three special verdicts had reference to the will while the third found that the codicil dated January 27, 1955 "was executed in the form and manner prescribed by law."

Immediately following discharge of the jury, counsel for contestant (appellant herein) being present, counsel for the proponents (respondents herein), presented separate motions under section 630 of the Code of Civil Procedure, that an order issue for entry of judgment in accordance with the foregoing motions for a directed verdict. After argument and submission on briefs, the court concluded that the motions for a directed verdict should have been granted with respect to the will of July 2, 1953, as modified by the testator and in accordance with the findings of the jury thereon after motions were made to the court for a directed verdict.

As to the codicil of January 27, 1955, the court concluded that the aforesaid motions for a directed verdict were properly denied.

Order and judgment was thereupon entered:

"(1) That petition for revocation of the will of July 2, 1953, is denied and said will should be admitted to probate as modified by the hand, intent and purpose of the testator on or about January 27, 1955, to the extent and in accordance with the finding and special verdict of the jury with reference thereto. . . ."

"(2) That trial of the issues with reference to the codicil of January 27th, 1955, is declared a mistrial."

From that portion of the judgment wherein the court denied revocation of the probate of decedent's will dated July 2, 1953, appellant prosecutes this appeal.

In urging a dismissal of the appeal respondent urges that while the order and judgment appealed from disposed of the issues of due execution, mental competency, undue influence and revocation of the will dated July 2, 1953, it leaves unsettled the issues of mental competency and undue influence of the testator with respect to the codicil of January 27, 1955. That the codicil republishes the content of the will and therefore, the decision rendered does not finally determine all the issues raised by the contest of appellant, to wit:

"1. Lack of due execution of the Will and Codicil;

"2. Unsoundness of mind and the incompetency of the Decedent to make his Will or Codicil;

"3. Undue influence exerted on the testator in the making of said Will and Codicil;

"4. That the Will (not the Codicil) had been revoked by intentional cancellation, defacement and obliteration which effectively revoked the Will *and* the Codicil."

Respondent then asserts, "That by reason of the foregoing, the appeal herein is premature and appellant seeks a piecemeal adjudication in this Court of the issues raised in her contest."

We are not in accord with respondents' reasoning. Section 963 of the Code of Civil Procedure provides that an appeal may be taken "from a Superior Court in the following cases:

". . . (3) From such probate orders and decrees as are made appealable by the provisions of the probate code," and section 1240 of the Probate Code provides in part as follows:

"An appeal may be taken . . . from an order . . . admitting a will to probate or revoking the probate thereof; . . . refusing to make any order heretofore mentioned in this section. . . ."

In *Estate of Estrem*, 16 Cal.2d 563, 566 [107 P.2d 36], our

Supreme Court stated: "A preliminary question is raised as to the appealability of this order denying the motion to set aside the probate. The decision in *Estate of O'Dea*, 15 Cal.2d 637 [104 P.2d 368], handed down since the filing of the briefs herein, was cited to us on oral argument. That case holds that section 1240 of the Probate Code specifies the only orders and judgments in probate from which an appeal will lie, and an order made on a motion under section 473 of the Code of Civil Procedure, like any other probate order, is appealable only if expressly so declared in section 1240. The effect of the order here under consideration was a refusal to revoke the probate and the letters issued pursuant thereto, and an order either granting or refusing such relief *is expressly made appealable* by section 1240." (Emphasis added.)

(See also *In re Sanders' Estate*, 70 Cal.App. 127, 128 [232 P. 733]; *Hartmann* v. *Smith*, 140 Cal. 461, 467 [74 P. 7].)

An appeal similar to the one now engaging our attention was considered by the court in the case of *In re Ricks' Estate*, 160 Cal. 450 [117 P. 532], and 160 Cal. 467 [117 P. 539]. In these companion cases a contest was filed after probate with respect to a will and codicil. A nonsuit was granted with respect to the will and from the judgment contestant took an appeal in the first case. Thereafter trial was had with respect to the codicil and the jury returned a verdict in favor of contestant, and from the resulting judgment and order the proponent appealed in the second case.

In the first case the argument was advanced that since the contest was to both the will and the codicil, no judgment could be entered on the nonsuit until the entire litigation involving both the will and the codicil was finally adjudicated. The court rejected the contention, stating, at pages 466, 467: "The last point made by appellant is that the judgment appealed from entered upon the motion granting the nonsuit as to the contest of the will, should be reversed because it was prematurely entered. His position is, that, as both the validity of the will and of the codicil were contested in a single petition, upon which the parties went to trial, that while the court might grant a nonsuit as to the contest of the will and deny it as to the contest of the codicil, or *vice versa*, still, in law, no judgment could be entered upon the order granting the nonsuit as to either, until the entire contest, both as to the will and codicil was finally determined. *We do not think there is any merit in this point.* Respondent had a right to move for a nonsuit, both as to the will and codicil, or

as to either, at the close of contestant's case, and if in the opinion of the court the evidence was insufficient to warrant submitting the question of the validity of either instrument to the jury it was the duty of the court to grant a nonsuit accordingly. And upon such nonsuit being granted, even if it applied to only one branch of the contest, the party in whose favor it is ordered is entitled to a judgment thereon. (Code Civ. Proc., § 581.)'' (Emphasis added.)

In the case at bar, we are persuaded that when the court made its ruling as to the will pursuant to the provisions of section 630 of the Code of Civil Procedure, respondents were entitled to a judgment thereon though it applied to only one branch of the contest, and that an appeal therefrom is authorized by law.

We find nothing in the cases relied upon by respondents which militates against the conclusions we have arrived at herein. The cited cases of *Mather* v. *Mather*, 5 Cal.2d 617 [55 P.2d 1174], and *Gombos* v. *Ashe*, 158 Cal.App.2d 517 [322 P.2d 933], deal with appeals from a demurrer sustained without leave to amend as to one of several causes of action and where judgment was entered only as to such cause of action. It was held that such a judgment of dismissal did not constitute a final judgment or order within the meaning of Code of Civil Procedure, section 963, for purposes of appeal thereunder. We are satisfied that such an appeal made under Code of Civil Procedure, section 963, subdivision 1, where a "final judgment" is required is not analogous to the question presented in the case at bar which has to do with an appeal under Probate Code, section 1240. Equally distinguishable is the case of *Murphy* v. *Fong Shuck*, 151 Cal.App.2d 64 [311 P.2d 80], involving violations of collective bargaining agreements.

*In re Hart's Estate*, 119 Cal.App.2d 310 [259 P.2d 703], an appeal from the parts of an order settling and assessing costs of trial under section 383 of the Probate Code and cited by respondent confirms the views herein expressed by us, and states that the right to appeal under Probate Code, section 1240, "is determined by the legal effect of an order, not by its form."

The motion to dismiss the appeal herein is denied.

Fourt, J., and Lillie, J., concurred.