367 P.2d 563 (1961)
140 Mont. 76
In the Matter of the ESTATE of Katherine SPEHAR, Deceased.
Roza SNELAR et al., Plaintiffs and Appellants.
Peter J. Sodja, Administrator w/w/a of the Estate of Katherine Speher, deceased, peter J. Sodja, individually, Peter J. Sodja, Trustee, Defendant and Appellant.
v.
STATE of Montana, a Sovereign State, Defendant and Respondent.
No. 10059.
Supreme Court of Montana.
Submitted November 6, 1961.
Decided December 20, 1961.
Rehearing denied January 16, 1962.
Poore & Poore, Robt. A. Poore argued orally, Wm. Dee Morris, Wm. N. Geagan argued orally, Butte, for appellants.
N.A. Rotering, Sp. Asst. Atty. Gen., for respondent.
JOHN C. HARRISON, Justice.
This is an appeal by the plaintiffs and appellants, Roza Snelar, et al., and by the defendant and appellant, Peter J. Sodja, individually and in his capacity as administrator *564 with will annexed and as trustee under the will, from a judgment and decree entered and filed in the Matter of the Estate of Katherine Spehar, deceased, by the district court of the second judicial district of the State of Montana, in and for the County of Silver Bow.
The essential facts are as follows:
Katherine Spehar died testate in Silver Bow County, Montana, on September 13, 1954, and on October 15, 1954, the district court of that county by its order admitted her will to probate and appointed Peter J. Sodja administrator with the will annexed.
The will in question named approximately forty persons residing outside the State of Montana as legatees and beneficiaries and on January 11, 1956, the district court appointed James A. Poore, Jr. and Robert A. Poore of Butte, Montana, as attorneys to represent the nonresident legatees and beneficiaries. Included among these were sixteen relatives of the testatrix and her predeceased husband who were and are residents and nationals of the Federal People's Republic of Yugoslavia.
All of the Yugoslav legatees, by power of attorney, authorized the Consul General of the Federal People's Republic of Yugoslavia in San Francisco (whose consular jurisdiction includes the State of Montana) to represent them. The Consul General, Branko Karadzole, in turn empowered James A. Poore, Jr. and Robert A. Poore of Butte, Montana, and Peter A. Schwabe of Portland, Oregon, to represent him and the Yugoslav legatees.
The attorneys for the nonresident legatees and beneficiaries thereupon instituted a proceeding to determine heirship as prescribed by law and filed a complaint in which they alleged that reciprocity of inheritance rights existed at, prior to, and at all times since Katherine Spehar's death on September 13, 1954, between the United States of America and the Federal People's Republic of Yugoslavia as required by R.C.M. 1947, § 91-520, and that therefore each of the legatees residing in Yugoslavia was entitled to receive his or her legacy.
Peter J. Sodja, individually and in his capacities as administrator with the will annexed and as trustee under the will, filed an answer in which he prayed that reciprocity of inheritance be found to exist between the State of Montana and the Federal People's Republic of Yugoslavia and that the bequest of each Yugoslav legatee be paid over to him as trustee and to be held by him in trust in accordance with the terms of the will creating the trust.
The State of Montana filed a separate answer in which the allegations of the complaint in respect to the existence of reciprocal rights of inheritance between the United States and Yugoslavia were denied and it was prayed that "the foreign heirs be put upon their proof in establishing their heirship and proving reciprocity of transfer, as required by law."
After the matter was heard on May 13 and 14, 1958, the district court, with the Honorable T.E. Downey, District Judge, sitting without a jury, presiding therein, in essence and effect ruled that a treaty concluded between the United States and Serbia in 1881 and concededly in force with Yugoslavia at all times here material does not provide for rights of inheritance on the part of heirs or beneficiaries present in and nationals of Yugoslavia in an estate left in Montana by a deceased American citizen. The judgment and decree thereupon directed that the legacies left to the residents and nationals of the Federal People's Republic of Yugoslavia "be distributed to the State of Montana as escheated property."
The identical issue here before the court was directly presented in the case of State Land Board v. Kolovrat, 220 Or. 448, 349 P.2d 255, wherein the Supreme Court of the United States granted certiorari. The Supreme Court of the State of Oregon had held that the Convention for Facilitating and Developing Commercial Relations (sometimes called the Convention of Commerce and Navigation, herein referred to as the 1881 treaty) between the United States of America and the then Principality of Serbia (22 Stat. 963, Treaty Series 319, *565 2 Malloy's Treaties, (etc.) 1613), recognized as in full force and effect between the United States and Yugoslavia, did not provide for and accord reciprocal rights of inheritance where the decedent was a resident of Oregon and an American citizen and his heirs were residents and citizens of Yugoslavia.
On May 1, 1961, the Supreme Court of the United States rendered its decision in Kolovrat v. Oregon, which has become final (366 U.S. 187, 81 S.Ct. 922, 927, 6 L.Ed.2d 218) holding that the 1881 treaty does provide for and accord such reciprocal rights and that Yugoslav heirs "have the same right to inherit their relatives' personal property as they would if they were American citizens living in Oregon."
The question of reciprocity of inheritance rights between residents of Montana and residents and nationals of Yugoslavia was before this court on two previous appeals. The first was In re Spoya's Estate, 129 Mont. 83, 282 P.2d 452; the second, In re Ginn's Estate, 136 Mont. 338, 347 P.2d 467. In both cases, this court affirmed the rulings of the lower court in favor of reciprocity with Yugoslavia.
All counsel in the case before us, on August 24, 1961, entered into and executed a "Stipulation as to Necessity of Reversal of District Court Judgment." This stipulation recognized and recited that the Kolovrat decision, supra, is determinative of the reciprocity issue on this appeal in "that heirs or legatees residing in, and citizens of Yugoslavia have the same rights of inheritance in the United States (and Montana) as if they were American citizens residing in Montana."
Therefore, on the basis of the Kolovrat decision by the Supreme Court of the United States, supra, the decisions by this court, and the stipulation of counsel, the judgment and decree herein appealed from is reversed on the reciprocity issue.
The stipulation of counsel, above mentioned, in its last paragraph provides:
"It is further stipulated and agreed that said Kolovrat decision has not in anywise affected that portion of the district court's judgment and decree pertaining to the validity and enforcibility of the alleged trust referred to in paragraph `Ninthly' of decedent's Will; and the issue on appeal as to the same as specified by appellant Sodja at pages `4' and `5' of his brief on appeal and to which appellants, Snelar, et al., will direct and file a Reply Brief remains an issue on appeal for decision of this Supreme Court of the State of Montana."
Therefore, it is necessary for the court on this appeal to determine whether paragraph "Ninthly" (hereinafter quoted) of the will of Katherine Spehar created a valid and enforceable trust.
Paragraph "Ninthly" is quoted as follows:
"Ninthly: I hereby direct that my executor, hereinafter named, pay over to Michael Pirnat, of Butte, Montana, as trustee, all bequests, legacies or devises hereinafter enumerated to persons residing outside of continental United States, to be by him paid directly to the named beneficiary, if possible or otherwise to be held by him for the benefit of the named beneficiary. Should the trustee for any reason, namely, death or illness, be unable to act, or continue to act, I hereby designate my nephew, Peter J. Sodja, Alternate Trustee, for the purposes of the trust herein declared."
The legacies to the residents and nationals of the Federal People's Republic of Yugoslavia, paragraph "Ninthly" notwithstanding, were to be paid upon Katherine Spehar's death without any express trust, terms or conditions. The trustee named in paragraph "Ninthly" is not, by the language in that paragraph creating the trust, charged with the performance of any active or substantial duty with respect to the control, management, and disposition of the property for the benefit of the residents and nationals of Yugoslavia, the beneficial owners. The trustee is made a mere passive depositary of the property with no active duties to perform. The trust is classified as a passive, dry, or naked trust.
*566 In 89 C.J.S. Trusts § 17, p. 730, a passive, dry or naked trust is defined as "one in which the trustee is a mere passive depositary of the property, with no active duties to perform." And, in 96 C.J.S. Wills § 1006, p. 517, it is said:
"Like passive and active trusts generally, * * * a dry or passive testamentary trust is created when the will confides a mere naked legal title to the trustee, with no active duties to be performed by him; and such a trust is universally regarded as vesting absolute title in the beneficiary, the legacy being payable directly to him." Emphasis supplied.
In In re Miller's Will, Sur., 115 N.Y.S.2d 255, at p. 257, the court said:
"* * * but in this will the testatrix imposed no duties upon the trustee, except to pay over, and the gift to the beneficiaries is absolute, except as to the time of payment. Hence the trust is dry and passive, and the legal title to the fund vested immediately in the beneficiaries equally upon the testatrix' death."
Therefore, on the basis of the foregoing, we hold that the trust created by paragraph "Ninthly" of the will of Katherine Spehar is a passive, dry, naked trust, and that by reason thereof, the Yugoslav legatees are entitled to have their legacies distributed and paid directly to them. It is so ordered.
The only other question necessary for this court to determine is whether the Yugoslav legatees are faced with the operation of paragraph "Fifty-fifthly" of the will (hereinafter quoted) because they brought this action to determine heirship.
Paragraph "Fifty-fifthly" is quoted as follows:
"Fifty-fifthly: By this my Last Will and Testament, I have disposed of my estate after due consideration of the respective needs and rights of all persons, and all benefits herein conferred in any manner whatsoever are conferred upon the express condition that the beneficiaries thereof acquiesce in this my Last Will and Testament and all the provisions thereof, and in any and all codicils thereto; if any beneficiary under this my Last Will and Testament, or any person who, if I died intestate, would be entitled to any part of my estate, should either in his or her name, or in the name of another, either directly or indirectly, or by procuring, aiding or abetting another, contest, controvert, dispute or call into question the validity of this my Last Will and Testament, or any of its provisions, or any codicil thereto, such person or persons shall take nothing by reason of this my Last Will and Testament or any of its provisions, but shall forfeit all right and claim thereunder; and any portion of my estate to which any person so opposing my will would in any contingency be entitled, I give, devise and bequeath the sum of One Dollar ($1.00) in cash, and no more, in lieu of any interest or share in my estate."
Section 91-3901, R.C.M. 1947, provides in part:
"Upon the final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator, or any heir, legatee, or devisee, the court or judge must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto; * * * provided, that whenever it appears any of the persons claiming to be heirs, or claiming a right to share in said estate, are nonresidents of the United States, then a proceeding to determine their rights shall be held under the provisions and as provided for in the three preceding *567 sections [i.e., sections 91-3801, 91-3802, and 91-3803] with reference to the determination of heirship." Emphasis supplied.
Here, the legatees in question, who are claiming a right in the estate of Katherine Spehar, are nonresidents of the United States. Therefore, under the provisions of R.C.M. 1947, § 91-3901, above-quoted, it is mandatory upon the court to determine the rights of such legatees "under the provisions and as provided for in the three preceding sections [i.e., sections 91-3801, 91-3802, and 91-3803] with reference to the determination of heirship."
The Yugoslav legatees, by bringing this action to determine heirship, did not violate the condition of paragraph "fifty-fifthly" of the will of Katherine Spehar against contesting or opposing the will. Their action clearly does not come within the scope and meaning of that paragraph. The word "contest" as used in paragraph "fifty-fifthly", supra, means "any legal proceeding which is designed to result in the thwarting of the testator's wishes as expressed in his will." (In re Howard's Estate, 68 Cal. App.2d 9, 155 P.2d 841, 842.) It does not mean the bringing of an action to determine heirship, under circumstances such as these.
For the foregoing reasons, the judgment and decree herein appealed from is reversed and the district court of the second judicial district of the State of Montana, in and for the County of Silver Bow, is hereby directed to enter a decree that upon the settlement of the estate of Katherine Spehar the legacies of the Yugoslav legatees be distributed and paid to them through the Consul General of Yugoslavia in San Francisco, their consular representative and attorney in fact. It is so ordered.
JAMES T. HARRISON and MR. JUSTICES DOYLE, CASTLES and ADAIR concur.