[Civ. No. 45025. Second Dist., Div. Three. Apr. 29, 1975.]

Estate of GEORGE WILLIAM SCHRECK, Deceased.
EDYTHE LEONA CARNER, Claimant and Appellant, v.
JEAN L. SCHRECK, Objector and Respondent.

## COUNSEL

Welsh & McGilvray and Polly Welch McGilvray for Claimant and Appellant.

Philip J. Murphy for Objector and Respondent.

## OPINION

**COBEY, J.**—Claimant, Edythe Leona Carner, appeals from an order determining that the testamentary trustee is entitled to the distribution to

it in trust of the estate of George William Schreck, consisting entirely of separate property, pursuant to the provision for such testamentary trust contained in the last will of Schreck, the testator. The appeal lies. (Prob. Code, § 1240.)

Under the testamentary trust provision the testator's second wife and widow will receive the net income of the trust during her lifetime or until her remarriage and then the trust estate will be paid over in equal shares to those of the testator's brothers and sisters then surviving.

Claimant is one of these remaindermen. She contends that the widow forfeited her limited life estate under the trust to the remaindermen by persuading the executor of the testator's last will to release to her, as surviving joint tenant, the remaining one-half interest in a 1969 Cadillac (this interest being valued in probate at $1,300) and by obtaining on petition a court order setting apart to her as surviving spouse in fee simple, pursuant to Probate Code section 660, certain property of the testator's exempt from execution. This property consisted of the house-hold furniture and furnishings and a Rolex wristwatch and was valued in probate in the aggregate at $2,387. The entire estate was so valued at approximately $166,000.[1]

Claimant asserts that the widow violated the provision of the will directing that the testator's tangible personalty be sold and the proceeds of such sales placed in the testamentary trust and that she also violated the in terrorem provision of the will which, by its express terms, is made applicable to anyone who "seek[s] to succeed to any part of my estate except through this will. . . ."[2] She also challenges the finding of fact of the trial court that at the time of the testator's death the Cadillac was owned by him and his surviving spouse as joint tenants. She claims that each of the spouses instead owned an equal undivided interest in the vehicle as shown in the first partial inventory filed in probate.[3]

---

[1]Pursuant to rule 12(a), of the California Rules of Court, we have added to the record on appeal the superior court file in this case.

[2]This provision reads:

"SIXTH: If any person shall, in any manner whatsoever, directly or indirectly, attack, oppose or contest this will, or seek to invalidate it or any portion thereof, or seek to succeed to any part of my estate except through this will, then I give to each such person the sum of One Dollar ($1.00) only, in lieu of any, other, and all provisions made for such person hereunder, which shall augment proportionately the shares of other beneficiaries hereunder."

[3]We need not spend much time on this claim. The purchase order for the car that was filled out by either the testator or the salesman was in joint tenancy form and the vehicle's registration thereafter in the peculiar form of a slant line between the two

## Discussion

The question before us is whether the testator intended (see Prob. Code, § 101) to disinherit essentially his widow by means of the in terrorem provision in his will because she claimed as surviving joint tenant the remaining one-half interest in their automobile and because she petitioned the probate court successfully to set apart to her as surviving spouse certain personalty of the testator's as property exempt from execution. Claimant contends that this deviation in the distribution of the property of the testator's estate from the testamentary scheme embodied in his will of placing all of his property, directly or indirectly,[4] in a testamentary trust from which the widow would receive only the net income thereof during her lifetime or until her remarriage requires the application of the in terrorem forfeiture provision. She points to the fact that the testator stated near the outset of his will: "I intend the provisions of this will to apply to and constitute the *sole* provision for all my heirs at law." (Italics added.)

■  We do not agree that the testator intended to forfeit to the remaindermen his widow's limited life estate by reason of her conduct at issue. The testator had been the executor of his first wife's last will. In his own will the testator exhibited a familiarity with probate procedures because he, there, expressly limited his widow to a family allowance of $500 a month of not over 18 months duration on pain of otherwise being totally disinherited.[5] If his implied intent had been, as claimant asserts, to put his widow to an election between, on the one hand, claiming her

names (see Veh. Code, § 4150.5) was an error made by the dealer in applying for such registration. These facts constitute substantial evidence in support of the finding of fact of the ownership of the vehicle by the spouses in joint tenancy at the time of the testator's death.

The widow also obtained an order from the probate court, pursuant to Probate Code sections 660 and 661, setting apart to her as surviving spouse the condominium, where she and the testator had resided, as a probate homestead for her lifetime or until her remarriage. Claimant has never contended though that this conduct brought the in terrorem provision into play.

[4]As noted earlier, the will directed, in effect, that all tangible personalty be sold and the proceeds of such sales be placed in the testamentary trust.

[5]This provision of the testator's will reads:

"FOURTH: I request the court having jurisdiction over my estate to limit any family allowance payable to my wife to not more than Five Hundred Dollars ($500.00) per month and for a period of not longer than eighteen (18) months. All provisions for my wife under this will are contingent upon her written agreement to this effect and should she not agree in writing thereto at the time of the filing by any person of a petition for a family allowance, for all purposes of this will, it shall be construed as though my wife had predeceased me."

joint tenancy interest in the Cadillac and having certain of his exempt property set apart to her, and, on the other hand, simply taking her limited life estate under the testamentary trust, he would have provided for such an election in his will as expressly and as clearly as he did in regard to her exercise of her statutory right to a family allowance. (See Prob. Code, §§ 680, 681.)

■ Furthermore, the law is settled in this state that in terrorem provisions in a will must be strictly construed. (E.g., *Estate of Basore,* 19 Cal.App.3d 623, 630 [96 Cal.Rptr. 874].) ■ We think it clear that under such a strict construction the widow's challenged conduct did not come within the first clause of the provision at issue dealing with direct and indirect attacks upon the validity of the will or any part thereof. ■ Moreoever, her conduct did not come within the second clause as well relating to succession to any part of the testator's estate except through his will. The word "succession" is defined in Probate Code, section 200, as the acquisition of title to the property of one who dies intestate. Under Civil Code, section 1000, property may be acquired, among other ways, either by will or by "succession." Probate Code, section 106, provides that technical words in a will are to be taken in their technical sense unless the context clearly indicates a contrary intention or, generally, unless the will was drawn by the testator himself (e.g., *Estate of Loescher,* 133 Cal.App.2d 589, 594-595 [284 P.2d 902]; *Estate of Miller,* 230 Cal.App.2d 888, 901 [41 Cal.Rptr. 410]), which was not the case here. Strictly construed then, the second clause of the in terrorem provision adds nothing to the first. Essentially both clauses apply only to those persons who seek to invalidate the will or any part thereof in any manner and thereby to acquire the testator's property by intestate succession. The widow's conduct at issue did not fall within the proscription of the in terrorem provision.[6] Certainly the widow's establishing her ownership as surviving joint tenant of the remaining one-half interest in the Cadillac (once erroneously included within the reported estate of the testator) is not a succession to any part of the testator's estate. The widow merely claimed what was already her own. Likewise, availing herself of her statutory right to have certain of the property of the testator's exempt from execution set apart to her by the probate court was also not an attempt to succeed to that property under the laws of intestate succession. (Cf. *Estate of Dow,* 149 Cal.App.2d 47, 53-55 [308

---

[6]It seems plain that the testator failed to make the in terrorem provision of his will as broad as the statement of intent he included in the first article of the will, which we have quoted earlier in this opinion.

P.2d 475] [exercise of statutory right by surviving spouse to family allowance held not to violate a no-contest provision].)

The order under appeal is affirmed.

Allport, Acting P. J., and Potter, J., concurred.