[Civ. No. 14680.   Second Dist., Div. Two.   Feb. 9, 1945.]

Estate of LILLY B. HOWARD, Deceased. WILLIAM DUFF HOWARD, Appellant, v. LILLIAN DEVEREAUX BENNETT et al., Respondents.

Harvey L. Silbert, Edward C. Jones and George M. Wiener for Appellant.

Walter G. Danielson and Rex B. Goodcell for Respondents.

McCOMB, J.—From a judgment, in a proceeding to determine heirship, adjudicating that appellant had forfeited all interest and rights in the estate of his deceased wife, he appeals.

These are the conceded facts:

Lilly B. Howard, wife of appellant, died testate November 9, 1938. Her will was duly admitted to probate and an inventory and appraisement was filed.

On June 9, 1941, the executors of decedent's estate filed an action to quiet title to all of the properties listed in the inventory and appraisement, claiming that such properties were the sole and separate property of decedent. Appellant was the defendant in such action. On September 29, 1941, he filed an answer by which he admitted he claimed a right, title and interest in and to all of the properties, except one, listed in the inventory and appraisement. On the same day he filed a cross-complaint in which he alleged that he owned an undivided one-half interest in the properties of the estate. When the action was tried a judgment was rendered in behalf of the estate finding all of the real and personal properties, with the exception of some miscellaneous household furniture and a stick pin, to be property of the estate. Thereafter the present proceeding was instituted to have it declared that appellant had forfeited all of his interest in the estate of Mrs. Howard by reason of the "contest provision"[1] in her will.

This is the sole question necessary for us to determine:

---

[1]Paragraph nine of decedent's will read thus:

"In case any legatee or devisee or beneficiary mentioned or referred to in this my Will, for whom or for whose benefit I have made any provision therein, shall endeavor in anywise to contest in any court, or before any tribunal, this will or the validity thereof, or its due and proper execution, of the provisions applicable to him or her, or any other provision of this my will, or shall commence any suit or action, or submit to any court or other tribunal, or be a party to any pleading or proceeding, which suit, action, pleading or other proceeding assails or draws in question the validity or operation of any of the provisions of said will, or shall in any way question my acts in making this wlll, or any of its provisions, then and in that event such legatee, devisee or beneficiary shall thereupon forfeit and shall thenceforth cease to have any right, title or interest in or to any portion of my estate, or any property devised or bequeathed hereunder, or any income therefrom; and any and all provisions in this will in favor of or for the benefit of such person are hereby absolutely revoked and eliminated and any and all rights or interests which such person would otherwise have had hereunder shall as wholly fail as if such person had predeceased me; and I further direct that any expense incurred by my executors in defending any contest in or about, or in respect to this will, or the provisions thereof, shall be paid from my estate."

*Did the trial court properly find, in view of the foregoing facts, that appellant had forfeited by his acts all of his right, title and interest in or to any property of decedent's estate?*

This question must be answered in the affirmative and is governed by the following pertinent rules of law:

(1)    A condition in a will that a beneficiary who contests, assails or draws in question any provision of a will thereby revokes a bequest made to him is valid and such a provision is not against public policy.  (*In re Kitchen,* 192 Cal. 384, 389 [220 P. 301, 30 A.L.R. 1008] ; *Estate of Miller,* 156 Cal. 119, 121 [103 P. 842, 23 L.R.A.N.S. 868] ; *Estate of Hite,* 155 Cal. 436, 440 [101 P. 443, 17 Ann.Cas. 993, 21 L.R.A.N.S. 953].)

(2)    The word "contest" as used in a forfeiture provision in a will means any legal proceeding which is designed to result in the thwarting of the testator's wishes as expressed in his will.  (*Estate of Hite, supra,* at p. 444.)

(3)    A devisee or legatee who claims title to property of an estate must elect to either rely upon his claim of ownership and waive his rights under the will, or accept the provisions of the will and waive his rights of ownership. (*Williams* v. *Williams,* 170 Cal. 625, 627 [151 P. 10] ; *In re Stewart,* 74 Cal. 98, 103 [15 P. 445] ; *Morrison* v. *Bowman,* 29 Cal. 337, 351; *Estate of Moore,* 62 Cal.App. 265, 274 [216 P. 981].)

(4)    The good faith of one who asserts rights contrary to the claims of an estate does not toll the operation of a forfeiture clause.  (*In re Kitchen, supra,* at p. 392.)

In the present case the ninth paragraph in decedent's will provided for the forfeiture of any legatee's or devisee's rights under the will, in case such devisee or legatee should "commence any suit or action, or submit to any court or other tribunal, or be a party to any pleading or proceeding, which suit, action, pleading or other proceeding assails or draws in question the validity or operation of any of the provisions of said will, or shall in any way question my acts in making this will, or any of its provisions. . . ."

Clearly appellant by claiming to be the owner, through the quiet title action referred to above, of an undivided one-half interest in the properties of the estate was a "party to" a "proceeding which" drew in question the validity of the

provisions of decedent's will, since in clauses of decedent's will the testatrix referred to the property as her "separate property"[2] and "my stock."[3]

Appellant, having acted contrary to the forfeiture provision in decedent's will, forfeited all rights under the will and the trial court properly entered a judgment so holding.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

[2]The will contained this clause:
"I declare that I am married, that my husband is W. D. Howard, that I have no children, that all of the property of my estate is *my separate property*, and that my next of kin now living are my brother, Albert Austin Bennett, and the children of my deceased sister, Alberta Hays, said children being Vivian Marquis Howard and Wilma Hays Case." (Italics added.)

[3]The will also provided:
"I give and bequeath all of *my stock* in the Hollywood State Bank to my nephew, Wade Emmons Bennett."