[Civ. No. 21356.    First Dist., Div. Two.    Jan. 23, 1964.]

ARNOLD H. BROWNING et al., Plaintiffs and Appellants v. PIERRE AYMARD et al., Defendants and Respondents.

Erik Jorgensen for Plaintiffs and Appellants.

Joseph A. Brown for Defendants and Respondents.

AGEE, J.—Plaintiffs in this declaratory relief action appeal from a judgment entered upon the sustaining of defendants' general demurrer to the amended complaint.

Defendants' predecessors in interest had leased certain hotel property located on the upper floors of two adjoining buildings on Geary Street, San Francisco, to plaintiffs for a period of five years, commencing March 1, 1959. Defendants became the owners of the property on July 21, 1960.

A provision in the Housing Code of the City and County of San Francisco, which became effective on October 27, 1961, made it necessary to install a fire alarm system on the premises.

On September 19, 1962, the Department of Public Health of the City and County of San Francisco ordered defendants to complete certain work, including the installation of the fire alarm system.

On September 26, 1962, defendants served a notice on plaintiffs stating that unless this and other work was done within three days an unlawful detainer action would be commenced to recover possession of the premises. The plaintiffs filed this action on the next day.

In the amended complaint, plaintiffs allege that an actual controversy exists between the parties in that plaintiffs claim that the installation of the fire alarm system is a responsibility of the defendants, whereas defendants claim that such installation is the responsibility of the plaintiffs.

The lease contains the usual provision that the lessee shall keep and maintain the leased premises "in good and sanitary order, condition and repair." There is no contention that this provision obligates plaintiffs to install the alarm system.

Defendants rely upon the following provision in the lease: "SIXTH: That the lessee will, at his sole cost and expense, comply with all of the requirements of all Municipal, State and Federal authorities now in force, or which may hereafter be in force, pertaining to the said premises, occasioned by or affecting the use to which said premises have been, are being,

or are to be put by the lessee, and will faithfully observe in the use of the premises all Municipal ordinances and State and Federal statutes now in force or which may hereafter be in force.''

Defendants' position is that the foregoing clause is certain and unambiguous and needs no interpretation. They contend that it clearly imposes upon plaintiffs the obligation to install the fire alarm system. Thus, defendants continue, the amended complaint shows on its face that the relief sought by plaintiffs is precluded (see *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 550 [305 P.2d 20]).

Plaintiffs, on the other hand, contend that the parties to the lease did not contemplate or intend that the lessees should become obligated for any *new* construction in the nature of a permanent *addition* to the building; that, at most, the lessees would be responsible only for construction work in the nature of *alterations* to *existing* facilities if and when required by governmental authority (see cases collected in 33 A.L.R. 530, 537).

Plaintiffs also point out that they lease only the upper floors of the entire premises and that it is an inequitable and unreasonable interpretation of the lease to place the entire obligation in question upon them, particularly when their lease expires on March 1, 1964, and they will be forced to leave at that time.

Defendants urge that the controversy as to the fire alarm system could be litigated in an unlawful detainer action. However, they admit in their brief on appeal that they have not filed such an action, although free to do so since the restraining order heretofore issued herein was dissolved on December 18, 1962. Such an action would, of course, have to be initiated by defendants. It is not available to plaintiffs.

In arguing that the ''Sixth'' clause is so clear and unambiguous that there can be no question that the obligation to install the fire alarm system is upon the plaintiffs, defendants rely principally upon *Strecker* v. *Barnard,* 109 Cal.App.2d 149 [240 P.2d 345].

In that case, after the lessee took over, the Division of Industrial Safety gave notice that the elevator was defective and that certain major changes and installations would have to be made. The lessee commenced an action in declaratory relief to determine whether this obligation was that of the lessee or the lessor. The lease contained a clause identical to clause ''Sixth'' in the instant case.

The court, in affirming a judgment in favor of the lessor, made the following distinction: "We are presented with no question of a deteriorated or dilapidated elevator needing repair or *rebuilding*, but are only called upon to decide whether the lessor or the lessee under this particular lease is required to make the safety installations required by the Division of Industrial Safety in an elevator otherwise in good condition." (Italics ours.)

This indicates that the court in *Strecker* might well have reached a contrary result if the changes and installations on the elevator, as required by the governmental authority, were so extensive as to amount to a "rebuilding" of the elevator. The same observation would be even more appropriate when the governmental requirement is to construct an entirely *new* facility such as the fire alarm system involved in the instant case.

Be this as it may, the only issue that we have before us for determination at this time is whether the amended complaint is good as against the general demurrer. We are not deciding whether plaintiffs are or are not entitled to a *favorable* declaration.

The following statements by the Supreme Court in *Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 760-762 [161 P.2d 217, 162 A.L.R. 747], are pertinent herein: "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a contract and requests that these rights and duties be adjudged by the court.... It is not essential, to entitle a plaintiff to seek declaratory relief, that he should establish his right to a favorable declaration. ... Testing the present pleading by the standards set forth in the cited cases, its allegations do not necessarily show that the remedy of declaratory relief may not have been better suited to plaintiff's needs than the traditional remedies otherwise disclosed. ... Although under the declaratory relief statute (Code Civ. Proc., §§ 1060-1062a), wide powers have been conferred upon the trial court, its discretion is not unlimited. ... Where, therefore, a case is properly before the trial court, under a complaint which is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction; and if it does enter a dismissal, it will be directed by an appellate tribunal to entertain the action." (See also: *Kessloff* v. *Pearson* (1951) 37 Cal.2d

609, 613-614 [233 P.2d 899]; *Maguire* v. *Hibernia Savings & Loan Society* (1944) 23 Cal.2d 719, 737 [146 P.2d 673, 151 A.L.R. 1062]; *Ralphs Grocery Co.* v. *Amalgamated Meat Cutters* (1950) 98 Cal.App.2d 539, 544 [220 P.2d 802]; *Sattinger* v. *Newbauer* (1954) 123 Cal.App.2d 365, 370 [266 P.2d 586]; *Foster* v. *Masters Pontiac Co.* (1958) 158 Cal. App.2d 481, 486-487 [322 P.2d 592].)

We are of the opinion that the amended complaint sufficiently alleges a justiciable controversy between the parties within the purview of the declaratory relief statute and that, in the situation thus presented herein, the trial court erred in sustaining the general demurrer without leave to amend.

The judgment is reversed.

Shoemaker, P. J., and Taylor, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 18, 1964.