[Civ. No. 36603. First Dist., Div. Four. Aug. 5, 1975.]

MONTE REED et al., Plaintiffs and Respondents, v.
CALIFORNIA COASTAL ZONE CONSERVATION COMMISSION,
Defendant and Appellant.

**COUNSEL**

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, and Joel S. Moskowitz, Deputy Attorney General, for Defendant and Appellant.

J. Scott LeStrange for Plaintiffs and Respondents.

## OPINION

**CALDECOTT, P. J.**—On November 7, 1972, the Reeds, plaintiffs and respondents, were issued a building permit by Mendocino County for their proposed motel complex. As their property was within the permit zone of the Coastal Zone Conservation Act, they were required to apply also to the regional commission for a coastal permit. They filed an application to the regional commission and were granted a permit on August 9, 1973. This decision was appealed to the California Coastal Zone Conservation Commission. After a public hearing on the matter on September 19, 1973, the commission voted on October 3, 1973, to deny plaintiffs' application for a coastal permit.

The Reeds filed a petition for a writ of mandate in the Mendocino County Superior Court against the California Coastal Zone Conservation Commission. The court found that the permit procedure required by the act imposed an unreasonable limitation on the plaintiffs' rights as owners of land and constituted a taking of private property without due process of law in violation of the Constitution of the State of California. The coastal commission appealed from this judgment.

I

The superior court rendered its decision that the California Coastal Zone Conservation Act is unconstitutional on August 28, 1974. The trial judge in making his ruling had the opportunity to read the California Supreme Court decision, *State of California* v. *Superior Court,* 12 Cal.3d 237 [115 Cal.Rptr. 497, 524 P.2d 1281], which was filed on August 2, 1974. He did not have the benefit of reading the subsequent case of *CEEED* v. *California Coastal Zone Conservation Com.,* 43 Cal.App.3d 306 [118 Cal.Rptr. 315], which was filed on November 19, 1974. Both of these cases dealt squarely with the issue of whether the Coastal Zone· Conservation Act constitutes an unlawful taking of private property for public use without just compensation. Both cases rejected the contention.

In *State of California* v. *Superior Court,* the Supreme Court stated: "The situation involved in the present case is virtually indistinguishable from *Candlestick Properties, Inc.* v. *San Francisco Bay Conservation etc. Com.* (1970) 11 Cal.App.3d 557, 570-572 [89 Cal.Rptr. 897]. In that case the plaintiff alleged a taking of its property based upon the denial by the Bay Conservation and Development Commission of a permit to fill a parcel of land in San Francisco Bay. It was alleged that the land had no

value except as fill. The purpose of the legislation involved in *Candlestick* is strikingly similar to the rationale underlying the act. The Legislature declared that the bay is the most valuable natural resource in the region, that it was threatened by haphazard filling, and that in order to protect it during the formulation of a conservation and development plan, the Bay Conservation and Development Commission must have the power to regulate any proposed project which involves placing fill in the bay. (Gov. Code, §§ 66600-66604.) The Court of Appeal held that the denial of a permit in the interim before the completion of the plan did not constitute an unconstitutional taking and that the restrictions placed upon the land were a valid exercise of the police power." (*Id.*, at pp. 253-254.)

In reversing the commission's decision to deny a coastal permit, the trial court held that the Supreme Court in *State of California* v. *Superior Court* erred in stating that *Candlestick* is indistinguishable from *State of California* because the coastal conservation act has a policy declaration of ownership of private property in all of the people under section 27001 of the Public Resources Code. Such a concept, he maintains, is absent in Government Code section 66601 which states the policy underlying the Bay Area Conservation and Development Commission. As a result an applicant under the act is denied due process in that at his hearing he must concede that his property is held in trust for the benefit of all of the people.

■ We reject this conclusion of the trial court because, first of all, we, like the trial court, are bound by the decisions of the highest reviewing court of the state. (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937]; *Fortenberry* v. *Weber,* 18 Cal.App.3d 213 [95 Cal.Rptr. 834].) Secondly, we find that the Supreme Court's reasoning is sound in holding that *State of California* v. *Superior Court, supra,* 12 Cal.3d 237, is indistinguishable from *Candlestick.*

Section 27001 of the Public Resources Code declares the purpose underlying the California Coastal Zone Conservation Act: "The people of the State of California hereby find and declare that the California coastal zone is a distinct and valuable natural resource belonging to all the people and existing as a delicately balanced ecosystem; that the permanent protection of the remaining natural and scenic resources of the coastal zone is a paramount concern to present and future residents of the state and nation; that in order to promote the public safety, health, and welfare, and to protect public and private property, wildlife, marine

fisheries, and other ocean resources, and the natural environment, it is necessary to preserve the ecological balance of the coastal zone and prevent its further deterioration and destruction; that it is the policy of the state to preserve, protect, and, where possible, to restore the resources of the coastal zone for the enjoyment of the current and succeeding generations; and that to protect the coastal zone it is necessary:

"(a) To study the coastal zone to determine the ecological planning principles and assumptions needed to ensure conservation of coastal zone resources.

"(b) To prepare, based upon such study and in full consultation with all affected governmental agencies, private interests, and the general public, a comprehensive, coordinated, enforceable plan for the orderly, long-range conservation and management of the natural resources of the coastal zone, to be known as the California Coastal Zone Conservation Plan.

"(c) To ensure that any development which occurs in the permit area during the study and planning period will be consistent with the objectives of this division.

"(d) To create the California Coastal Zone Conservation Commission, and six regional coastal zone conservation commissions, to implement the provisions of this division."

In reading section 27001 of the Public Resources Code and sections 66600-66601 of the Government Code,[1] no appreciable difference

---

[1]Section 66600 states: "The Legislature hereby finds and declares that the public interest in the San Francisco Bay is in its beneficial use for a variety of purposes; that the public has an interest in the bay as the most valuable single natural resource of an entire region, a resource that gives special character to the bay area; that the bay is a single body of water that can be used for many purposes, from conservation to planned development; and that the bay operates as a delicate physical mechanism in which changes that affect one part of the bay may also affect all other parts. It is therefore declared to be in the public interest to create a politically-responsible, democratic process by which the San Francisco Bay and its shoreline can be analyzed, planned, and regulated as a unit."

Section 66601 states: "The Legislature further finds and declares that uncoordinated, haphazard filling in San Francisco Bay threatens the bay itself and is therefore inimical to the welfare of both present and future residents of the area surrounding the bay; that while some individual fill projects may be necessary and desirable for the needs of the entire bay region, and while some cities and counties may have prepared detailed master plans for their own bay lands, a governmental mechanism must exist for evaluating individual projects as to their effect on the entire bay; and that further piecemeal filling

between the intent of these two acts is apparent. Both acts simply recognize that the Bay Area and coastal zone are unique natural resources whose protection is of paramount concern to present and future residents of the state, and nation. That due to their delicate physical mechanism, the Legislature and the people of the state find it necessary to have the various interests—government, private individuals and general public—protected by a coordinated plan. Section 27302 of the act states the plan's objectives, none of which are inconsistent with continued private ownership of the land. Section 27302 states: "The coastal zone plan shall be consistent with all of the following objectives: (a) The maintenance, restoration, and enhancement of the overall quality of the coastal zone environment, including, but not limited to, its amenities and aesthetic values. (b) The continued existence of optimum populations of all species of living organisms. (c) The orderly, balanced utilization and preservation, consistent with sound conservation principles, of all living and nonliving coastal zone resources. (d) Avoidance of irreversible and irretrievable commitments of coastal zone resources."

The trial court found the permit procedure of the act unconstitutional on the ground that this statute sanctions confiscation of private property for the benefit of the people. Such a reading of section 27001 violates the principles of statutory construction.

■ All presumptions and intendments favor the validity of a statute. (*In re Ricky H.,* 2 Cal.3d 513 [86 Cal.Rptr. 76, 468 P.2d 204].) Statutes must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears. The fact that it is susceptible of different interpretations will not render it nugatory. (*People* v. *Anderson,* 29 Cal.App.3d 551 [105 Cal.Rptr. 664].) A legislative or executive act is not to be held unconstitutional simply because the court disagrees with its desirability. (*County of Orange* v. *Heim,* 30 Cal.App.3d 694, 727 [106 Cal.Rptr. 825].)

Though we are not bound by *CEEED* we have no hesitancy in resting our judgment on an opinion which we also feel is a correct statement of the law.

---

of the bay may place serious restrictions on navigation in the bay, may destroy the irreplaceable feeding and breeding grounds of fish and wildlife in the bay, may adversely affect the quality of bay waters and even the quality of air in the bay area, and would therefore be harmful to the needs of the present and future population of the bay region."

## II

Respondents argue that the act fails to provide the permit applicant with a fair hearing for two reasons: (1) the applicant has the burden of proof on all issues, (2) he is allowed only ten minutes in which to present his project at the hearing.

The first contention was considered and rejected in *CEEED*. The Reeds cite no authority for their contention that to allocate the burden of proof on an applicant is violative of due process. As stated in *Saving the Seashore: Management Planning For The Coastal Zone*, 25 Hastings L. J. 191 at pages 199-200: "Allocation of the burden of proof often serves as an effective tool for shaping social policies, and since it is imperative that the need for environmental protection and conservation be adequately reflected in the law, the consumer of natural resources should bear the responsibility for justifying his actions."

The only issue which is raised by the Reeds which has not been decided in previous case law is whether it violates due process to allow an applicant only 10 minutes to present his case.

At the onset it should be made clear that the 10-minute rule is not a provision of the California Coastal Conservation Act, but rather a regulation adopted by the commission. Its validity or invalidity cannot affect the constitutionality of the act.

The Fourteenth Amendment's guarantee of due process of law requires notice and an opportunity to be heard before an individual suffers governmental deprivation of a fundamental interest. (*C. V. C.* v. *Superior Court,* 29 Cal.App.3d 909, 915 [106 Cal.Rptr. 123].) Administrative hearings must precede, not follow, the deprivation. (*Goldberg* v. *Kelly,* 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011].)

The safeguards of due process are afforded applicants under the Coastal Zone Conservation Act. Petitioners are granted a public hearing and allowed to submit any supplemental written material they desire. In addition, Public Resources Code section 27424 provides a right to judicial review of the commission's decision to the superior court by a petition for a writ of mandate.

In the case at hand, it should be noted that the Reeds had two hearings and at neither of them did their attorney object to the time limitation or

claim that it was insufficient in which to present his case. Instead, he stated: "I come before you with a very acute awareness of the time limitation imposed and *reasonably* imposed by you." In view of these facts, we find that the Reeds were not denied due process by being restricted to 10 minutes' oral argument at their hearings. Given the caseload of the commission, it is necessary and inevitable that such reasonable time limitations be placed on applicants.

The judgment is reversed.

Christian, J., and Emerson, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.