[Civ. No. 57228. Second Dist., Div. One. Dec. 17, 1979.]

Estate of EUDICE L. FRIEDMAN, Deceased.
JOYCE D. GRUNAUER, Petitioner and Appellant, v.
DANIEL FRIEDMAN, Objector and Respondent;
UNITED CALIFORNIA BANK, as Executor, etc., Respondent.

COUNSEL

Kindel & Anderson, Paul L. Freese and William E. Johnson for Petitioner and Appellant.

Arthur J. Crowley and Ben Levin for Objector and Respondent.

No appearance for Respondent.

OPINION

**LILLIE, Acting P. J.**—Joyce Grunauer, daughter of decedent Eudice Friedman and a beneficiary under decedent's will, filed a petition in the probate proceeding for determination of interests under the will and for interpretation of the will. (Prob. Code, § 1080.) The petition sought a determination whether Joyce's filing of a complaint for damages, a constructive trust and other relief against Daniel Friedman, decedent's surviving husband, would violate the in terrorem clause of the will and if so, which rights and interests under the will would thereby be forfeited. The court made an order determining that petitioner's filing of the proposed complaint would constitute a violation of the in terrorem clause.[1] ■■■■ Petitioner appeals from the order.[2]

---

[1] In its order, the court also determined that a complaint previously filed by petitioner against Friedman and others did not violate the in terrorem clause. Friedman did not cross-appeal from that portion of the order. (Cal. Rules of Court, rule 3(c).) Accordingly, we ignore it.

[2] Probate Code section 1240 provides in part: "An appeal may be taken from an order...determining heirship or the persons to whom distribution should be made or

■ Appellant contends that enforcement of a forfeiture for violation of an in terrorem clause is barred by the prohibition against forfeiture contained in Civil Code section 3369.[3] In support of this contention, appellant cites a law review article in which the author concludes that such a rule should be adopted in California. (Selvin, *Comment: Terror in Probate* (1964) 16 Stan.L.Rev. 355, 366-368.) Even if we agreed with the reasons advanced by the author for the rule which he proposes, we would not be free to apply it in this case. Our Supreme Court has repeatedly declared that a provision in a will providing for forfeiture of a legacy in the event of a contest of the will by the legatee is not contrary to public policy, is valid and binding upon the legatee, and is to be given effect according to the intent of the testator. (*Lobb* v. *Brown* (1929) 208 Cal. 476, 484 [281 P. 1010]; *In re Kitchen* (1923) 192 Cal. 384, 389 [220 P. 301, 30 A.L.R. 1008]; *Estate of Bergland* (1919) 180 Cal. 629, 633 [182 P. 277, 5 A.L.R. 1363]; *Estate of Miller* (1909) 156 Cal. 119, 121-122 [103 P. 842]; *Estate of Hite* (1909) 155 Cal. 436, 439-441 [101 P. 443].) This principle has been consistently applied by the intermediate appellate courts of this state. (See, e.g., *Estate of Kazian* (1976) 59 Cal.App.3d 797, 801 [130 Cal.Rptr. 908]; *Estate of Basore* (1971) 19 Cal.App.3d 623, 630 [96 Cal.Rptr. 874]; *Estate of Goyette* (1968) 258 Cal.App.2d 768, 772 [66 Cal.Rptr. 103]; *Estate of Zappettini* (1963) 223 Cal.App.2d 424, 427 [35 Cal.Rptr. 844]; *Estate of Dow* (1957) 149 Cal.App.2d 47, 53 [308 P.2d 475]; *Estate of Fuller* (1956) 143 Cal.App.2d 820, 824 [300 P.2d 342]; *Estate of Howard* (1945) 68 Cal.App.2d 9, 11 [155 P.2d ·841]; *Estate of Markham* (1941) 46 Cal.App.2d 307, 314 [115 P.2d 866].) We, likewise, are bound to follow it. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *Reed* v. *California Coastal Zone Conservation Com.* (1975) 55 Cal.App.3d 889, 892 [127 Cal.Rptr. 786]; *Fortenberry* v. *Weber* (1971) 18 Cal.App.3d 213, 224 [95 Cal.Rptr. 834]; *Walker* v. *Capistrano Saddle Club* (1970) 12 Cal.App.3d 894, 900 [90 Cal.Rptr. 912].) "It is not for us to inquire what the law ought to be when the Supreme Court has emphatically informed us what the law is." (*Orange County Water Dis-*

trust property should pass...[or] refusing to make any order heretofore mentioned in this section...." The right to appeal under section 1240 is determined by the effect of an order, not by its form (*Estate of Warner* (1958) 162 Cal.App.2d 799, 803 [329 P.2d 79].) The effect of the order herein was a refusal to determine the second issue raised in the petition , i.e., the persons to whom distribution should be made in the event of petitioner's violation of the in terrorem clause. Accordingly, the order is appealable.

[3]Civil Code section 3369: "Neither specific nor preventive relief can be granted to enforce a penalty or forfeiture in any case, nor to enforce a penal law, except in a case of nuisance or as otherwise provided by law."

*trict* v. *City of Riverside* (1959) 173 Cal.App.2d 137, 165-166 [343 P.2d 450].)

## II

█ Appellant next contends that her proposed complaint does not violate the in terrorem clause of her mother's will.[4]

That clause provides in pertinent part: "If any devisee, legatee or beneficiary under this Will or any legal heir of mine or person claiming under any of them shall contest this Will or attack or seek to impair or invalidate any of its provisions, or conspire with or voluntarily assist anyone attempting to do any of these things, in that event I specifically disinherit such person, and all legacies, bequests, devises and interests given under this Will to that person shall be forfeited as if such person predeceased me and shall augment proportionately the shares of my estate going under this Will to or in trust for such devisees, legatees and beneficiaries as shall not have participated in such acts or proceedings. . . ."

Appellant's proposed complaint arose out of the following circumstances. Eudice, appellant's mother, simultaneously executed a marital trust, a family trust and a will. At that time she was married to Friedman and appellant was the only surviving child of her prior marriage, her first husband (appellant's father) having predeceased her; appellant

---

[4]The court's order reads: "The court declares that the proposed complaint attached to the P.C. 1080 petition of Joyce D. Grunauer individually, if filed, would constitute a violation of the in terrorem clause. Regardless of the words and nomenclature used, the thrust of the action is to cause a violation of the ultimate enjoinment [*sic*] of the testator's intention. The court is making the above ruling based on a review of the entire complaint and declines to decide each cause of action, sentence or clause on a piecemeal basis. Whatever jurisdiction the Probate Court has to grant declaratory relief should not be used to assist a contesting party in formulating anticipated pleadings, or determining what course of litigation to follow."

Inasmuch as there was no conflict in the extrinsic evidence, and no issue of credibility, we must make an independent interpretation of the will. (*Estate of Dodge* (1971) 6 Cal.3d 311, 318 [98 Cal.Rptr. 801, 491 P.2d 385]; *Estate of Taff* (1976) 63 Cal.App.3d 319, 327 [133 Cal.Rptr. 737].) The only extrinsic evidence adduced consisted of Friedman's admissions of the genuineness of certain documents and the truth of certain facts (offered by appellant) and portions of the deposition of the attorney who drafted decedent's will and trusts (offered by both parties). On this appeal, neither party indicates the relevance of such evidence to our determination of the issue presented. Accordingly, in resolving that question, our consideration is confined to the terms of the will and the trusts.

had three children. The pertinent provisions of each of the instruments were as follows:

*Marital trust:* Eudice was the trustor and the trust estate consisted of her separate property; she and Friedman were cotrustees; during her lifetime she was the sole beneficiary; on her death Friedman became the sole beneficiary and certain specified property was to be distributed to him; in addition, he was given the power to appoint all or any part of the trust estate which remained undistributed at the time of his death; in the event he failed fully to exercise the power of appointment, the trust estate was to be distributed to the trustee of the family trust.

*Family trust:* Eudice was the trustor and the trust estate consisted of her separate property; she and Friedman were cotrustees; during her lifetime she was the sole beneficiary; upon her death appellant became the life income beneficiary and the trustee was given the power to invade the trust principal to meet her needs or those of her children; on appellant's death, each of her children (or the issue of a deceased child) was to receive an equal share of the trust estate, with the net income thereof to be distributed to him until he reached the age of 35, when he was to receive his share of the principal.

*Will:* Appellant was given a bequest of $50,000; Friedman, as surviving trustee of the marital trust, was given certain specified property to be added to the corpus of that trust; the residue of the estate was given to the trustee of the family trust for inclusion in the corpus of that trust; all federal estate taxes and all inheritance and succession taxes were to be paid out of the residue; if the residue was insufficient to pay all of such taxes, the unpaid amounts thereof were to be paid out of the corpus of the family trust. The will included the no-contest clause previously set forth herein.

Appellant's proposed complaint against Friedman is framed in six causes of action. The first cause of action alleges: when appellant's father died, he had amassed an estate of approximately $6 million; he and Eudice agreed that they would pass to their children (appellant and her brother) the great residue of their fortune, and they executed mutual wills reflecting that agreement; after the death of her brother, appellant, the sole surviving child, was the "natural, intended and named recipient" of the family's fortune; following the death of appellant's father and the vesting of the fortune in Eudice, defendant Friedman, an

insurance salesman and purported estate planner, appeared and began to work his way into Eudice's confidence; at that time and throughout the ensuing years, she was especially dependent upon others for guidance and assistance; after Eudice married Friedman, he succeeded in convincing her that she had not been well served by her prior legal advisers and that she should have trusts and other instruments prepared by new attorneys; he led Eudice to believe that her estate plan thereby would be improved without defeating appellant's expectations; in reliance on Friedman's representations and as a result of the trust and confidence she reposed in him, Eudice met with attorneys selected by Friedman; because of her general dependence on his honesty, she was incapable of critically and independently judging the problems of values, titles and taxes or the legal and trust work being performed by Friedman purportedly for her benefit and her family interests; Friedman exercised duress to overcome Eudice's uncertainty and reluctance by threatening to leave her, knowing she had cancer; by reason of such duress, she was induced to execute the will, the marital trust and the family trust; the will defeats appellant's expectations established prior to her father's death; the marital trust is inequitably overfunded and gives Friedman control of the bulk of the family's fortune; the family trust, while ostensibly creating benefits for appellant and her children, is a "mirage" because the death taxes threaten to deplete the assets of that trust, leaving Friedman with almost the entire estate and appellant with little or nothing; the value of the family's fortune appropriated by Friedman is estimated to be in excess of $5 million.[5] By her proposed complaint, appellant seeks compensatory damages of $5 million, punitive damages of $1 million, the imposition of a constructive trust upon all assets of the estate obtained by Friedman through the trusts or the will, a constructive trust upon the power of appointment given him by the marital trust, and an order restraining him from exercising such power.

■ Whether there has been a contest within the meaning of the language used in a no-contest clause is to be determined according to the circumstances in each case. (*Estate of Basore, supra,* 19 Cal.App.3d 623, 631; *Estate of Fuller, supra,* 143 Cal.App.2d 820, 824.) The word "contest" as used in a no-contest clause means any legal proceeding designed to result in the thwarting of the testator's wishes as expressed in

---

[5]Each of the remaining causes of action incorporates the foregoing allegations. The fifth and sixth causes of action allege that Friedman falsely promised and fraudulently assured Eudice that he would not exercise the testamentary power of appointment given him by the marital trust in such a way as to defeat appellant's expectations.

his will. (*Estate of Holtermann* (1962) 206 Cal.App.2d 460, 470 [23 Cal.Rptr. 685]; *Estate of Howard, supra,* 68 Cal.App.2d 9, 11.) ■ We recognize that while no-contest clauses "are to be given effect according to the intent of the testator, yet it is also the rule...that such a provision—being by way of forfeiture and condition subsequent—is to be strictly construed and not extended beyond what was plainly the testator's intent." (*Estate of Bergland, supra,* 180 Cal. 629, 633.) However, we may not rewrite the will in such a manner as to exempt from the reach of the no-contest clause legal proceedings plainly intended to frustrate the testator's intent as expressed in his will. (*Estate of Kazian, supra,* 59 Cal.App.3d 797, 802.)

■ Appellant's proposed complaint, if filed, would result in the thwarting of Eudice's wishes as expressed in her will. Eudice bequeathed appellant $50,000 and designated her as as the life income beneficiary of the family trust; she named Friedman as the remainder beneficiary of the marital trust, and gave him therein a power of appointment over the trust estate. Appellant's proposed complaint is designed to frustrate this testamentary plan by securing for her a sum equivalent to the value of Eudice's estate allegedly appropriated by Friedman, by making him the constructive trustee of the estate for appellant's benefit, and by restraining him from exercising the power of appointment given him by Eudice in the marital trust. The no-contest clause herein states that a beneficiary may not, without forfeiting the interest given him under the will, "contest this Will or attack or seek to impair or invalidate any of its provisions." The filing of appellant's proposed complaint would come squarely within such conduct, and thus would constitute a violation of the no-contest clause.

### III

Appellant's final contention is that the trial court erred in having failed to determine the second issue raised in her petition, i.e., given a violation of the no-contest clause, which of the interests under the will are thereby forfeited?

■ "In an action for declaratory relief, the proper function of the court is to make a full and complete declaration, disposing of all questions of rights, status or other legal relations encountered in construing the instrument before it." (*American Enterprise, Inc.* v. *Van Winkle* (1952) 39 Cal.2d 210, 219 [246 P.2d 935].) Such jurisdiction to com-

pletely settle all questions in a declaratory relief action includes legal as well as equitable issues. (*Anderson v. Southern Pac. Co.* (1968) 264 Cal.App.2d 230, 234 [70 Cal.Rptr. 389].) ■ The power of an appellate court to affirm, modify or direct the entry of a final judgment is to be liberally construed to the end that a cause may be disposed of on a single appeal. (*Harlow v. Carleson* (1976) 16 Cal.3d 731, 738 [129 Cal.Rptr. 298, 548 P.2d 698].) Accordingly, a judgment in a declaratory relief action which fails to determine all of the rights of the parties under a written instrument will be modified on appeal to supply that which should have been determined by the trial court under the issues presented to it. (*American Enterprise, Inc. v. Van Winkle, supra,* 39 Cal.2d 210, 219; *Cinmark Investment Co. v. Reichard* (1966) 246 Cal.App.2d 498, 502 [54 Cal.Rptr. 810].) ■ Appellant's petition for determination of interests under the will is for all practical purposes the equivalent of an action for declaratory relief. Furthermore, the issue which appellant seeks to have determined is one of law. Accordingly, we may modify the trial court's order to resolve that issue; there is no need to remand the matter to that court.

Appellant concedes that her violation of the no-contest clause would work a forfeiture of the $50,000 bequest to her. She apparently concedes that such violation also would cause a forfeiture of her interest as a life beneficiary of the family trust.[6] She contends, however, that her violation of the no-contest clause would not work a forfeiture of the bequest of the residue to the family trust, or of the interests of the remainder beneficiaries of that trust. We agree. The no-contest clause provides that a person who does, or voluntarily assists another to do, the acts enumerated therein shall be disinherited and that the interests given to such person under the will shall be forfeited. The will gives the residue to the trustee of the family trust "to be added to, held, administered and distributed as a part of the trust estate of said trust, according to the terms of that trust. . . ." Appellant is the only plaintiff in the proposed action which would violate the no-contest clause, and she sues in her individual capacity. Since the remainder beneficiaries of the family trust are not parties to the proposed action and the trust corpus ultimately will be distributed to them, appellant's violation of the no-contest clause by the filing of the proposed action would not cause a forfeiture of the bequest of the residue to the family trust. Likewise, the

---

[6]Although such interest was created by the trust instrument, the will refers to "the trusts established *herein*." (Italics added.) Moreover, inasmuch as the will and the family trust were executed at the same time and as parts of one transaction, it is reasonable to conclude that the testatrix intended that they be taken together.

future interests of the remainder beneficiaries would not be defeated by any act of appellant forfeiting her immediate or precedent interest. (*Estate of Lefranc* (1952) 38 Cal.2d 289, 297 [239 P.2d 617]; Civ. Code, §§ 741, 742.)[7]

Paragraph 8 of the will directs that all federal estate taxes and all inheritance and succession taxes levied against the estate be paid out of the residue, and that in the event the residue is insufficient to pay all of such taxes, any amounts not so paid shall be paid out of the trust estate of the family trust. For the reasons expressed in the preceding paragraph, we agree with appellant's further contention that such provision, to the extent it benefits the family trust, would not become inoperative by reason of appellant's proposed action in violation of the no-contest clause.

The order appealed from is modified by adding the following paragraph at the end of said order: "Such a violation of the in terrorem clause by Joyce D. Grunauer would cause a forfeiture of the $50,000 bequest to her and a forfeiture of her interest as the life beneficiary of the Eudice Diller Friedman family trust. Such a violation would not cause a forfeiture of the bequest of the residue to the trustee of said family trust or a forfeiture of the interests of the remainder beneficiaries of said family trust, nor would it affect paragraph 8 of the will." As so modified, the order is affirmed. Appellant shall recover her costs on appeal.

Hanson, J., and Kaufmann, J.,* concurred.

Petitions for a rehearing were denied January 9, 1980, and appellant's petition for a hearing by the Supreme Court was denied February 20, 1980.

---

[7]Civil Code section 741: "No future interest can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent interest, nor by any destruction of such precedent interest by forfeiture, surrender, merger, or otherwise, except as provided by the next section, or where a forfeiture is imposed by statute as a penalty for the violation thereof."

Civil Code section 742: "No future interest, valid in its creation, is defeated by the determination of the precedent interest before the happening of the contingency on which the future interest is limited to take effect; but should such contingency afterwards happen, the future interest takes effect in the same manner and to the same extent as if the precedent interest had continued to the same period."

*Assigned by the Chairperson of the Judicial Council.