[No. B068268. Second Dist., Div. One. Jan 28, 1993.]

Estate of MAURICIO RICHTER, Deceased.
SYLVIA RICHTER, Petitioner and Appellant, v.
FRANK S. VARGA et al., Objectors and Respondents.

**COUNSEL**

Ross & Sacks, Bruce S. Ross, Robert N. Sacks and Terrence M. Franklin for Petitioner and Appellant.

Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone and Kenneth S. Wolf for Objectors and Respondents.

**OPINION**

**SPENCER, P. J.—**

### INTRODUCTION

Appellant Sylvia Richter appeals from an order declaring the filing of a petition to determine community property interests would violate the no contest clause in her deceased husband's will.

## STATEMENT OF FACTS

Appellant and the decedent, her husband Mauricio Richter, were married on September 14, 1974. The marriage lasted over 16 years, until his death on January 2, 1991.

The decedent executed a will on February 11, 1986. The will contained a number of specific bequests and a residual clause, which left 20 percent of the residue of the decedent's estate to appellant. The will also contained a no contest clause.

In 1989, the decedent showed a writing to his nephew, Dr. Ervin Varga. It contained his thoughts on rewriting his will. It listed what the decedent understood to be his separate property assets and directions on how they would be disposed of after his death. It differed in a number of respects from the provisions of the decedent's February 11, 1986, will.

## CONTENTIONS

### I

Appellant contends the trial court abused its discretion in finding her petition to determine community property assets in the decedent's estate would constitute a will contest violative of the no contest clause in the decedent's will.

### II

Appellant further contends the trial court abused its discretion by relying on extrinsic evidence in making the finding.

## DISCUSSION

### I

Appellant contends the trial court abused its discretion in finding her petition to determine community property assets in the decedent's estate would constitute a will contest violative of the no contest clause in the decedent's will. The contention has merit.

Preliminarily, it must be determined whether the order appealed from is, in fact, appealable; respondents assert it is not. Appellant filed a petition under Probate Code former section 21305 on May 23, 1991, for declaratory relief. She sought a declaration as to whether filing a petition to determine

her community property interests in the assets acquired during her marriage to the decedent would violate the no contest clause in the decedent's will. By order dated April 15, 1992, the trial court ruled that filing the petition would constitute a will contest in violation of the will's no contest clause.

Appellant filed a notice of appeal from this order on June 12, 1992. She apparently also filed a petition for writ of mandate with the appellate court related to the order. Division Seven of this district denied the writ petition on June 18, 1992, as follows: "The petition is denied as a remedy is available by way of appeal, and petitioner has informed this court a notice of appeal has been filed. (See, e.g., *Estate of Friedman* (1979) 100 Cal.App.3d 810, 813-814, fn. 2 [161 Cal.Rptr. 311]; *Estate of Black* (1984) 160 Cal.App.3d 582, 585, fn. 3 [206 Cal.Rptr. 663]; Prob. Code, § 7240.)"

Probate Code section 7240 lists the probate orders from which an appeal may be taken. *Estate of Friedman* (1979) 100 Cal.App.3d 810 [161 Cal.Rptr. 311] held an order determining whether a proposed action would violate a will's no contest clause was appealable under former Probate Code section 1240, in that it was an order " 'determining [or refusing to determine] heirship or the persons to whom distribution should be made or trust property should pass.' " (At pp. 813-814, fn. 2.) Since "[t]he right to appeal under section 1240 is determined by the effect of an order, not by its form," and the effect of the order in question "was a refusal to determine . . . the persons to whom distribution should be made in the event of petitioner's violation of the in terrorem clause," the order was appealable. (100 Cal.App.3d at p. 814, fn. 2.) *Estate of Black* (1984) 160 Cal.App.3d 582 [206 Cal.Rptr. 663] similarly held an order determining the filing of a petition or independent action would violate a will's no contest clause was appealable under Probate Code former section 1240, subdivisions (*l*) and (o). (At p. 585, fn. 3.)

Probate Code section 1240 has since been replaced by section 7240; subdivision (m) of section 7240, like subdivision (o) of former section 1240, makes appealable an order "[d]etermining heirship or the persons to whom distribution should be made." Probate Code section 21305, under which appellant filed her petition for declaratory relief, has since been replaced by section 21320. Respondents claim the Legislature's failure to specify in section 7240 that orders made pursuant to section 21320 are appealable indicates the orders are not appealable; further, since both *Friedman* and *Black* predate the enactment of section 21320, they are inapplicable.

■ However, as noted in *Estate of Friedman, supra,* 100 Cal.App.3d at page 814, footnote 2, "[t]he right to appeal under section 1240 is determined by the effect of an order, not by its form." This principle clearly has been

carried over to Probate Code section 7240, which replaced section 1240, in that it describes appealable orders, for the most part, by their effect; very few are described by the Probate Code section under which they were made. Thus, the Legislature's failure to specify in section 7240 that orders made pursuant to Probate Code section 21320 are appealable does not make them nonappealable. Additionally, that *Friedman* and *Black* predate the enactment of sections 7240 and 21320 does not make them inapplicable. If the effect of an order made pursuant to section 21320 is the same as the orders at issue in those two cases and section 7240, like section 1240, makes an order having such an effect appealable, then the reasoning of *Friedman* and *Black* would be applicable and, under those cases, the order would be appealable. Since the order at issue in the instant case is similar in effect to those at issue in *Friedman* and *Black* and section 7240 contains provisions which, under *Friedman* and *Black*, make such an order appealable, the order is appealable.

As to the merits of appellant's contention, the decedent's will provided in its fifth paragraph that the residue of the decedent's estate was to be given in certain percentages to specified people, including 20 percent to appellant. It did not specify what property was included in the residue of the estate, nor did it specify whether the property was separate or community. It also provided, in its 10th paragraph: "If any beneficiary under this Will, or other heirs or persons claiming to be heirs in any manner, directly or indirectly, contests or attacks this Will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this Will is revoked, and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me without issue, and his share or interest shall be distributed equally among the remaining residuary beneficiaries as named under paragraph FIFTH of this Will."

Appellant, in her petition for declaratory relief, alleged she and the decedent had been married for over 16 years, from September 14, 1974, to his death on January 2, 1991. They had no written agreement concerning their community property, and the majority of the assets having title held in the decedent's name were acquired during the marriage. Appellant wished to file a petition to determine her community property interest in the assets acquired during the marriage, and the instant petition sought a declaration doing so would not be considered a will contest in violation of the no contest clause in the decedent's will.

The trial court found the decedent's will was "ambiguous in that the decedent's intent as to the character of the residual property distributed under article FIFTH is unclear," but extrinsic evidence indicated "substantially all, if not all, of the decedent's estate was considered by the decedent to

be his separate property at the time the decedent's will was executed." The trial court therefore found "[t]he filing of a petition to determine community property interests in the decedent's estate will constitute a contest of the decedent's will in violation of article TENTH of said will and any such filing will cause Sylvia Richter to forfeit her rights as a beneficiary under the decedent's will."

The purpose of no contest clauses "is to discourage will contests by imposing a penalty of forfeiture against beneficiaries who challenge [a] will." (*Estate of Black, supra*, 160 Cal.App.3d at p. 586.) While such clauses are valid and favored by the public policies of discouraging litigation and giving effect to the intent of the testator, they are also disfavored by the policy against forfeiture. (*Id.* at pp. 586-587.) For this reason, they are " 'strictly construed and not extended beyond what was plainly the testator's intent.' " (*Id.* at p. 587.)

The determination as to whether an action constitutes a prohibited will contest is made based on the circumstances of each particular case. (*Estate of Black, supra*, 160 Cal.App.3d at p. 587.) The court must determine the testator's expressed wishes and whether the action is an attempt to thwart those wishes; if so, it is a will contest. (*Ibid.*)

As noted in *Estate of Black, supra*, 160 Cal.App.3d at page 590, "[p]roceedings by beneficiaries to assert claims to property based on a source of right independent of the will have been held not to be 'contests' under a variety of forfeiture clauses." Thus, no prohibited will contest was found in a widow's attempt to claim joint tenancy rights in property which her husband attempted to dispose of by his will (*Estate of Schreck* (1975) 47 Cal.App.3d 693 [121 Cal.Rptr. 218]); in a widow's claim to establish property disposed of by the will was community property (*Estate of Dow* (1957) 149 Cal.App.2d 47 [308 P.2d 475]); or in an action to establish a prior oral contract (*Estate of Miller* (1964) 230 Cal.App.2d 888 [41 Cal.Rptr. 410]). (*Estate of Black, supra*, 160 Cal.App.3d at p. 590.)

In *Estate of Black*, the court held the filing of a petition under Probate Code former section 851.5 claiming one-half of the property possessed by the decedent at his death on an implied domestic partnership theory (*Marvin v. Marvin* (1976) 18 Cal.3d 660 [134 Cal.Rptr. 815, 557 P.2d 106]) would not violate the no contest clause in the decedent's will. (160 Cal.App.3d at p. 586.) Since the decedent's will only disposed of the property which he had the right to dispose of by will, and under the appellant's theory he did not have the right to dispose of that property in which she had a domestic partnership interest and she had a right to that property regardless of the will, the filing of the petition would not constitute a will contest. (*Id.* at p. 591.)

However, in *Estate of Kazian* (1976) 59 Cal.App.3d 797 [130 Cal.Rptr. 908], on which respondents here rely, the decedent stated in her will that all property in which she had an interest was her separate property, having been owned by her prior to her marriage or having been acquired after her marriage with the proceeds of property owned by her prior to her marriage; she made a bequest of a portion of this property to the appellant. Her will also contained a no contest clause. The appellant filed a complaint to establish that all of the property in the decedent's estate was in fact community property and he was entitled to one-half of it. The trial court found this constituted a will contest. (*Id.* at pp. 800-801.)

The court in *Estate of Kazian, supra,* concluded the action filed by the appellant "was a proceeding intended to thwart the decedent's wishes as expressed in her will." (59 Cal.App.3d at p. 802.) The decedent had specifically declared her property to be separate property and bequeathed a small percentage of it to the appellant, leaving the rest in trust to her children and grandchildren. The object of the appellant's action was to obtain half of the decedent's property. (*Id.* at pp. 802-803.) The decedent's intent was clear, the appellant's action was intended to thwart it, so it was a will contest. (*Id.* at p. 806.)

The court in *Estate of Black, supra,* distinguished *Estate of Kazian* on the basis of the decedent's "unequivocal declaration that all property disposed was her separate property." (160 Cal.App.3d at p. 591.) By contrast, in the case before it, the decedent only expressed an intent to dispose of the property which he had the right to dispose of by will. (*Ibid.*) Thus, a determination he did not have a right to dispose of certain property would not thwart his intent. (*Ibid.*)

■ It has long been the case that "[a] devisee or legatee who claims title to property of an estate must elect to either rely upon his claim of ownership and waive his rights under the will, or accept the provisions of the will and waive his rights of ownership." (*Estate of Howard* (1945) 68 Cal.App.2d 9, 11 [155 P.2d 841]; see also 12 Witkin, Summary of Cal. Law (9th ed. 1990) Wills and Probate, §§ 54-55, pp. 92-95.) Hence, "if the testator declares that all the property is his separate property, thus clearly indicating a belief that he is disposing of the entire estate, election is required." (*Id.,* § 55, p. 94.) However, "if the testator refers to the property bequeathed or devised in general terms without identifying it as separate or community, it may be inferred that he intended only to dispose of his own interest (his separate property and one-half the community property), and no election is necessary." (*Id.,* § 55, pp. 93-94.)

*Estate of Black* and *Estate of Kazian* are consistent with the foregoing principle. In *Estate of Black, supra*, the decedent described his property in general terms, so the appellant was not required to elect to take under the will or pursuant to her claim of ownership; her claim of ownership was not designed to thwart the decedent's intent as expressed in the will and thus was not a will contest. (See 160 Cal.App.3d at p. 591.) However, in *Estate of Kazian, supra*, the decedent specified all her property was separate property, inferably requiring the appellant to make the election to take under the will or under a claim of ownership, waiving any rights he may have had under the will; by challenging the decedent's characterization of the property, the appellant was contesting the will and waiving his right to take under the will. (See 59 Cal.App.3d at pp. 802-803, 806.)

■ In the instant case, the decedent simply stated in his will: "I give the residue of my estate as follows . . . ." By referring to "my estate" in general terms, he would appear to be referring to that property owned by him which he had a right to dispose of by will. He did not specify any particular property which constituted his estate; he did not identify it as his separate property. Appellant did not seek to challenge his inclusion of any particular property in his estate as in *Estate of Kazian*; rather, she sought a determination as to what property was part of his estate and what property was hers and not subject to his disposition by will, as in *Estate of Black*. This leads to the conclusion the proposed petition by appellant would not be a will contest, as was the case in *Estate of Black, supra*, 160 Cal.App.3d at page 591.

To support its contrary conclusion, the trial court relied on a writing by the decedent which, in the words of the trial court, "establish[ed] that substantially all, if not all, of the decedent's estate was considered by the decedent to be his separate property." The writing is a three-page document listing various assets and the decedent's desired disposition of those assets, prepared for a possible change in his will. One asset is a condominium at 152 Oakhurst; the decedent indicated that appellant made the down payment on the condominium but he had made installment payments and paid the taxes on it. He added, "[a]fter serious consideration I fully pass my participation on 152 Oakhurst to" appellant. Another asset is a condominium at 135 McCarty Drive, which he indicated was purchased by him in 1984; he paid cash for the condominium and all the furnishings. This condominium and its furnishings; stocks, bonds and bank accounts; other silver, and gold fixtures were assigned approximate values. The writing indicates this property was to be converted to cash after the decedent's death and distributed to various people.

The trial court found the writing indicated the decedent thought the specified assets were his separate property which he could dispose of by his will. Inferentially, it was the decedent's intent to dispose of his separate property in the residuary clause of his will. This being the case, determining appellant's community property interests in any property held by her or the decedent would not thwart this intent, only ensure that the property actually disposed of by the decedent was his separate property.

That the decedent may have considered particular assets to be his separate property subject to his disposition by will did not make them so. Even if the result of a determination of appellant's community property interests was a determination that some of the property the decedent thought was part of the residue of his estate was declared to be community property, this would not necessarily make such a determination a will contest. (*Estate of Black, supra,* 160 Cal.App.3d at p. 588.)

More importantly, in his will the decedent did not purport to dispose of any particular assets, he did not state unequivocally they were his separate property (*Estate of Kazian, supra,* 59 Cal.App.3d 797), and he did not indicate any intention to dispose of community property and put appellant in the position of having to elect to take under the will and forfeit her community property rights (*Estate of Howard, supra,* 68 Cal.App.2d at p. 11; 12 Witkin, *op. cit. supra,* §§ 54-55, pp. 92-95). Under these circumstances, this case is not akin to *Estate of Kazian,* in that appellant's petition to determine her community property interests would not thwart the decedent's stated intent; therefore it would not constitute a prohibited will contest. (*Estate of Black, supra,* 160 Cal.App.3d at p. 591.)[1]

The order is reversed. The trial court is directed to enter an order declaring that the filing of the proposed petition would not violate the no contest clause in the decedent's will. Appellant is to recover costs on appeal.

Ortega, J., and Masterson, J., concurred.

---

[1] In view of this conclusion, we need not reach appellant's second contention and decide whether the writing relied upon by the trial court erroneously was admitted into evidence.